UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

KENYARI SANFORD,

        Defendant.

Case No. 15-cr-158-pp

**ORDER DENYING DEFENDANT'S *PRO SE* LETTER REQUEST TO MODIFY PLACEMENT (DKT. NO. 142)**

On March 10, 2021, the court revoked the defendant's supervised release and sentenced him to serve thirty months in custody. Dkt. Nos. 106, 107. The defendant appealed, dkt. no. 108, and the Seventh Circuit reversed and remanded for further proceedings, dkt. no. 132. Counsel has been appointed for the defendant, dkt. no. 137, and the court has ordered the government and defense counsel to file a joint status report by the end of the day on April 1, 2022, dkt. no. 139.

On March 7, 2022, the court received a letter from the defendant, telling the court that he was having difficulties communicating with his appointed counsel and asking the court to have him transferred from USP Allenwood (in Pennsylvania) to a local jail (local to the Eastern District of Wisconsin); the defendant believed he would have a better chance of having a face-to-face meeting with his lawyer if the court granted his request. Dkt. No. 140. The court denied that request. Dkt. No. 141.

1

The court now has received from the defendant a request that the court "adjust[] the remainder of [his] sentence per [his] goodtime credit release date; and send [him] to the Parsons House [Residential Reentry Center] under the community corrections component." Dkt. No. 142 at 4. The defendant explains that he has received little pre-release planning or assistance at Allenwood and that he has been told that he should seek help from his probation officer once he's on supervised release. Id. at 1. He asserts that prison staff share sensitive information (like the fact that one has cooperated) with other incarcerated persons, such as gang members, putting the incarcerated person who cooperated in jeopardy. Id. at 2. He says he was mistreated by his case manager; he indicates that he wanted to write to the court earlier but was concerned that it was too soon and that he would appear weak. Id. at 3. He indicates that although Bureau of Prisons policy states that reentry planning should start eight months prior to release, his case manager has refused to speak to him about it and has said that he will recommend the defendant to a residential reentry center for "one to ninety days to get [the defendant's] affairs in order." Id. The defendant asserts that this is not a "fair recommendation" and that it would not allow him "to seek employment, housing and stability with the opening of a savings account." Id. at 4.

The defendant explains that he knows he needs to do things differently and that he will need help; he asks that the court "take [his] outstretched hand and steer [him] into an opportunity allowing [him] to make the absolute most of [his] confinement." Id. He says he will use his time in Parsons House to repair

2

his relationship with his siblings, become involved in his twelve-year-old daughter's life and change his path. Id. at 4-5. He argues that he is not asking for a sentence reduction, but for a "readjustment to [his] last year of confinement per [his] goodtime credit release date," so that he can get the services he needs to transition into the community. Id. at 5. He indicates that staff at Parsons are willing to work with him. Id. at 6.

The court is pleased to read about the changes the defendant plans to make in his life; he sounds determined to set himself on a more positive path. He attached evidence showing that he has used his time in custody to complete programs in parenting, communication, operation of powered industrial trucks, work life balance, digital communication skills, successful reintegration into life after prison and self-awareness. Dkt. No. 142-1 at 5-16. He attached evidence that he signed up for the Challenge Program (although he was not able to complete it because he did not have enough time left on his sentence). Id. at 2-4. He explains in his letter that he completed a forklift certification program, dkt. no. 142 at 3 (perhaps this is the "operation of powered industrial trucks" certification he attached). The court congratulates the defendant on all these accomplishments and on his plans for his future.

The court also agrees with the defendant that time in a residential reentry center helps incarcerated persons transition from life in custody to life in society, giving them the best chance for success after prison. The defendant is not the first person to report to the court that incarcerated persons are being released without first going to residential reentry or get only a short time in the

"halfway house" before being place on supervision. The court itself has seen persons who were released directly to supervision; some of those defendants had no home to go to, no job lined up, no family to support them, and they struggled.

But the court does not have the authority to do what the defendant asks. After a court sentences a defendant, the Attorney General, through the BOP, has the authority to administer the sentence. Hill v. Warden, No. 21-cv-1220, 2022 WL 731506, *3 (C.D. Ill. Mar. 10, 2022). The BOP designates the place of the prisoner's confinement. 8 U.S.C. §3621(b). The Seventh Circuit recently made this clear: United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021) ("the court lacked authority to change Saunders's place of imprisonment . . . The Bureau (and under the CARES Act, the Attorney General) has plenary control over its inmates' placement). "A district court may only recommend a new placement; it may not order it." Id.

The court cannot order the Bureau of Prisons to place the defendant at Parsons House. It may do no more than make that recommendation to the BOP. The court is happy to make that recommendation and will do so. But it will not order a change in the defendant's placement because it does not have the authority to do so.

The court **DENIES** the defendant's *pro se* letter request to modify placement. Dkt. No. 142.

4

Case 2:15-cr-00158-PP   Filed 03/21/22   Page 4 of 5   Document 143

The court **RECOMMENDS** to the Bureau of Prisons that it place the defendant in a residential reentry center for as long as possible before his release date.

Dated in Milwaukee, Wisconsin this 21st day of March, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

5

Case 2:15-cr-00158-PP   Filed 03/21/22   Page 5 of 5   Document 143